Paul B. La Scala (SBN: 186939)
plascala@shb.com
Tony M. Diab (SBN: 277343)
tdiab@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA  92614
Tel:  (949) 475-1500
Fax:  (949) 475-0016

Attorneys for Defendant
Bayer HealthCare Pharmaceuticals Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ANDERSON; SUZETTE APREA; BERNICE AQUINO; BIANCA BAXTER; JENNIFER BENNINGFIELD; CANDICE BIRD; ELIZABETH BLAIR; STEPHANIE BOYKIN; MICHELLE CARLSON; SABRINA CARTER; IVORIE CHAMBERS; TONY A. CHRISTENSEN; EMILY CLAYTON; KENYA DAVIDSON; CHAINTY DAVIS; EBONY DAY; JAIME DRANE; ARACELY FAJARDO; JASMIN FERNANDEZ; TOKELEA FINCH; TERRIE FORD; ZEANA FREEMAN; CHARMAINE GRAY; DEMETRIS GRAY; LATISHA GRAY; ERICA HARDING; JANEL HETEL; CHELSEA HINDENACH; NERISA IRVING; SHEILA JOHNSON TARIN KEENER; FALICIA KELLEY; HEATHER KRAUSE; ALMA KYLES; TYNISHA LOCKHART; AMANDA LONG; VALERIE MALDONADO; JAIME MARES; MARCIE MARTIN; SHARAE MASSENGALE; ALLISON MEADOWS; DONETTA MERITTE; SYLVIA MURRY; LISA NAVARINO; MARLIN OJEDA; CARA PAULS; SARAH QUALE; COURTNEY RICHARDSON; WENDY ROBERTS; BONNIE SEAY; KATRINA SHERROD; JESSICA SINSKY; ANTOINETTE SMITH; COREY SPARKS; TIFFANY STARKS; SONIA STEVENS; JANA TANNER; EDWINNA TAYLOR; BERENICE | CASE NO.: <br><br> **NOTICE OF REMOVAL BY DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC. UNDER 28 U.S.C. §§ 1332, 1441, 1446, AND 1453** <br><br> [Filed Concurrently with Notice of Interested Parties, Notice of Related Cases, and Corporate Disclosure Statement] <br><br> Complaint filed:   October 31, 2013 |

1

| | |
|---|---|
| TORRES; CHASITY WALLS; KAREN WARREN; LINDA WASH; SHEENA WASHINGTON; BRITTANY WILLIAMS; MARQUITA WILLIAMS; FRANCES YOUNG; and TERESA ZABALA,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC.; BERLEX LABORATORIES, INC.; THERACOM, LLC; CVS CAREMARK, INC. and DOES 1 through 20, inclusive,<br><br>　　　　　　Defendants. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） |

Defendant Bayer HealthCare Pharmaceuticals Inc. ("Removing Defendant") hereby removes to this Court the state court action described below. Removal is warranted under 28 U.S.C. §§ 1332(d)(11), 1441(b), 1446, and 1453. *See generally Romo v. Teva Pharms. USA, Inc.*, 742 F.3d 909, 910 (9th Cir. 2014) (granting petition for en banc rehearing on the question of whether coordination petition under California Code of Civil Procedure § 404.1 constitutes a request for joint trial under mass action provision of Class Action Fairness Act) (discussed *infra*, ¶ 17).

## **BACKGROUND**

1. On October 31, 2013, Plaintiffs commenced this action by filing a complaint in the Superior Court of California, County of Los Angeles, bearing case number BC526077. Plaintiffs are 63 individuals[1] who allege injuries as a result of

---

[1] Four of the original 67 plaintiffs to this action dismissed their complaint prior to the instant removal, leaving 63 at the time of removal. The following plaintiffs entered dismissals prior to removal: Suzette Aprea, Emily Clayton, Terrie Ford, and Jaime Mares. These dismissals are appended to the Complaint attached hereto as Exhibit A.

their Mirena.  (*See* Ex. A, Compl. ¶¶ 1-2.)  Plaintiffs allege "serious internal damage and injuries, including, without limitation, miscarriage, sterility, long-term scarring, pain, and the need for surgical removal of the device, and causing other permanent medical problems including a medically necessary hysterectomy."  (*Id.* at ¶ 1.)

2. Plaintiffs assert claims against BAYER HEALTHCARE PHARMACEUTICALS INC.; BERLEX LABORATORIES, INC.; THERACOM, LLC; and CVS CAREMARK, INC. ("Defendants") (*Id.* ¶¶ 4-7.)  Plaintiffs seek to recover compensatory and punitive damages against all Defendants.  (*See id.* at p. 32.)

3. The instant action is one of seven lawsuits alleging injuries from Mirena filed in numerous California counties.  On September 24, 2014, attorneys from Engstrom, Lipscomb & Lack and Girardi & Keese  ("Coordination Counsel") filed a petition with the California Judicial Council to establish a coordinated proceeding before a single trial judge for California state-court products liability actions alleging personal injuries due to Plaintiffs' Mirena.  (*See* Ex. B, Coordination Petition.)  Coordination Counsel filed the petition pursuant to California Code of Civil Procedure § 404.1, which provides:  "One judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice. . ."

4. The seven actions to the petition were: *Anderson et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, Case No. BC526077, Superior Court of California, County of Los Angeles; *Aiona et al. v. Bayer HealthCare Pharmaceuticals, Inc.*, Case No. CGC-13-532931, Superior Court of California, County of San Francisco; *Dykes v. Bayer HealthCare Pharmaceuticals, Inc.*, Case No. BC523541, Superior Court of California, County of Los Angeles; *McLoughlin et al. v. Bayer HealthCare Pharmaceuticals, Inc.*, Case No. 37-2014-00084915, Superior Court of California, County of San Diego; *Murphy et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, Case No. CIVDS1400587, Superior Court of California, County of San Bernardino; *Dudley v. Bayer HealthCare*

*Pharmaceuticals, Inc., et al.*, Case No. CGC-13-528658, Superior Court of California, County of San Francisco; *Austin et al. v. Bayer HealthCare Pharmaceuticals, Inc., et al.*, Case No. BC550355, Superior Court of California, County of Los Angeles.  Of those cases, two were previously removed to Federal Court (*Dudley* and *McLoughlin*), and another was dismissed subsequent to the filing of the petition (*Dykes*).  Thus, there remain four actions to the petition comprising 152 individual plaintiffs: *Aiona* (26 plaintiffs at the time of the instant removal), *Anderson* (63 plaintiffs at the time of the instant removal), *Austin* (44 plaintiffs at the time of the instant removal), and *Murphy* (19 plaintiffs at the time of the instant removal).

5. The four remaining cases proposed one coordinated action "for all purposes" encompassing 152 plaintiffs.  The petition thus embraces the claims of more than 100 individual Plaintiffs, and specifically states that Coordination Counsel "is informed and believes that additional Mirena™ cases will be filed within the next weeks, and Petitioners will seek to join these additional cases via "Add-On" Petitions." (*Id.* at p. 2, lines 10-12.)  Removing Defendant is filing notices of removal in the three other remaining actions to the petition, *Aiona* (removed to the United States District Court for the Northern District of California), *Austin* (removed to the United States District Court for the Central District of California), and *Murphy* (removed to the United States District Court for the Central District of California).

6. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this case is a mass action as set forth in 28 U.S.C. § 1332(d)(11) and Removing Defendant has satisfied the procedural requirements for removal set forth in 28 U.S.C. §§ 1446 and 1453.

## THIS CASE IS REMOVABLE AS A MASS ACTION

7. This case is removable pursuant to the mass action provisions of the diversity jurisdiction statute.  28 U.S.C. § 1332(d)(11).  An action is removable as a mass action where it meets the following requirements:

      a.    It involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, *see id.* § 1332(d)(11)(B)(i);

      b.    The aggregate amount in controversy exceeds $5,000,000 and the claims of the individual plaintiffs each exceed the amount of $75,000, *see id.* §§ 1332(a), (d)(2), (d)(11)(B)(i); and

      c.    Any plaintiff is a citizen of a State different from any defendant, *see id.* § 1332(d)(2)(A).

8. As set forth below, this action and the other Mirena actions embraced by the petition satisfy all the jurisdictional requirements for a mass action. In addition, Removing Defendant has satisfied all procedural requirements for removal of a mass action pursuant to 28 U.S.C. §§ 1446 and 1453. Accordingly, mass action removal is proper.

### A. The Petition for Coordination Proposes Joint Trial of the Claims of 100 or More Persons.

9. This action is removable as a mass action because the petition for coordination proposes to try this case jointly with numerous other Mirena actions embracing the claims of more than 152 individual plaintiffs. (*See* Ex. B, Coordination Petition.) As the Seventh Circuit recently held in *In re Abbott Laboratories, Inc.*, 698 F.3d 568 (7th Cir. 2012), a petition for state-court coordination of individual actions may render those actions a "mass action" for purposes of removal where, as here, the coordination petition proposes joint trial of the individual actions. *See id.* at 570; *see also Atwell v. Boston Scientific Corporation*, 740 F.3d 1160, 1165 (8th Cir. 2013) (finding 100 or more plaintiffs were proposed for joint trial where plaintiffs "urged the state court to assign the claims of more than 100 plaintiffs to a single judge who could 'handle these cases for consistency of rulings, judicial economy, [and] administration of justice'"). And while a mass action does not result where individual actions are joined "upon motion

of a defendant," 28 U.S.C. § 1332(d)(11)(B)(ii)(II), there is no such barrier where, also as here, the proposal for joint trial originates with the plaintiffs. *See Abbott*, 698 F.3d at 572.

10. Here, the proposal for joint trial in the petition is as clear as it was in *Abbott* and *Atwell*. In those cases, the Seventh Circuit held that a petition for coordination need not specifically request joint trial because "a proposal for a joint trial can be implicit." *Id.* at *3; *see also Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (Easterbrook, C.J.); *Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th Cir. 2011). The Seventh Circuit found that the plaintiffs' coordination petition implicitly requested a joint trial. *Abbott*, 698 F.3d at 573.

11. Similarly, in *Atwell*, counsel in two of the three cases that were consolidated (which were necessary to meet the 100 plaintiff requirement for a mass action) "disavow[ed] a desire to consolidate cases for trial." *Atwell*, 740 F.3d at 1165. Relying on *Abbott*, the Eighth Circuit concluded that plaintiffs nonetheless urged the state court to assign the claims of more than 100 plaintiffs to a single judge who could 'handle these cases for consistency of rulings, judicial economy, [and] administration of justice." *Id.* The Eighth Circuit reasoned, "[a]s in Abbott Labs, 'it is difficult to see how a trial court could consolidate the cases as requested by plaintiffs and not hold a joint trial or an exemplar trial with the legal issues applied to the remaining cases.'" *Id.* As a result, the consolidation motion, even though disavowing a joint trial on its face, was deemed nonetheless to constitute a proposal for joint trial.

12. Here, the petition presents all of the factors (and more) that the Seventh and Eighth Circuits held constituted a request for a joint trial. Initially, coordination in California is for "all purposes." Cal. Civ. Proc. Code § 404.1. The plain language of this statute encompasses trial as well as other aspects of a case. As the Seventh Circuit held, "[t]he question is not whether 100 or more plaintiffs answer a roll call in court, but whether the 'claims advanced by 100 or more persons are proposed to be

tried jointly.'" *Bullard*, 535 F.3d at 762 (quoting 28 U.S.C. § 1332(d)(11)(B)(i)). Thus, even if the judge overseeing the coordinated proceeding conducted a trial of certain plaintiffs and applied to result to the remaining plaintiffs, the joint trial proposal has nonetheless been satisfied:

> A proposal to hold multiple trials in a single suit . . . does not take the suit outside of § 1332(d)(11). . . .  A trial of 10 exemplary plaintiffs, followed by application of issue or claim preclusion to 134 more plaintiffs without another trial, is one in which the claims of 100 or more persons are being tried jointly . . . .

*Bullard*, 535 F.3d at 762.

13. Nor does the language in the petition purporting to disavow joint trial alter this result. Plaintiffs averred, "Plaintiffs DO NOT seek and are in no way petition this Court for multi-plaintiff trials." (Ex. B, Coordination Petition, p. 1, lines 12-13.) Similar language appears throughout. However, the legal effect of the petition is dispositive. Coordination in California is for all purposes. As in *Atwell*, the effect of the petition is to join more than 100 plaintiffs for joint trial of common questions of law or fact.

14. The California Rules of Court support the conclusion that coordinated actions are assigned to a coordination trial judge for "all purposes," including trial. For example, "the coordination trial judge may exercise all the powers over each coordinated action that are available to the judge of the court in which that action is pending." Cal. Rules of Court R. 3.540(b). Also, "[t]he coordination trial judge must assume an active role in managing all steps of the pretrial, discovery, *and trial proceedings* to expedite the just determination of the coordinated actions without delay." Cal. Rules of Court R. 3.541(b) (emphasis added). This includes the authority of the judge overseeing the coordinated proceeding to "[o]rder any issue or defense to be tried separately and before trial of the remaining issues." *Id.* In addition, the California Rules of Court specify procedures for remanding an action from the coordinated proceeding to the court from which the action was initially

transferred, Cal. Rules of Court R. 3.542, or transferring an action from the coordinated proceeding to any other court, Cal. Rules of Court R. 3.543, and thus absent a motion under either of these provisions, all actions that are part of the coordinated proceeding remain a part of that proceeding, including trial.  This was also the understanding of the Honorable Jane Johnson, the judge presiding over this action prior to removal.  At a hearing on Removing Defendant's motion to dismiss for forum non conveniens, Judge Johnson addressed the then recently-filed petition, and acknowledged that the coordination trial judge has the authority to preside over the trial of all of the coordinated actions.  (La Scala Decl., ¶ 3.)

15. Further, the Memorandum of Points and Authorities filed in support of the petition acknowledges that coordination is designed to ensure a uniformity of result.  (Ex. D, Memorandum of Points and Authorities in Support of Joint Petition for Coordination.)  Plaintiffs argue:

> Failure to coordinate these actions will result in the disadvantages of duplicative and inconsistent rulings, orders, or *judgments*.  The inevitability of realizing the inconsistent and duplication factor . . . weighs heavily in favor of coordination.  Indeed, issues likely to be raised in this action include issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of Defendants. . . .  Coordination is required in order to avoid duplicative efforts and inconsistent rulings.
> (Ex. D, p. 7, lines 5-11 (emphasis added).)

Plaintiffs also argue coordination "is appropriate: one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice. (Ex. D, p. 4, lines 8-9.)

16. The Seventh and Eighth Circuits cited similar remarks by plaintiffs concerning the risk of inconsistent adjudication of purported common issues when they observed that "it is difficult to see how a trial court could consolidate the cases as requested by plaintiffs and not hold a joint trial or an exemplar trial with the legal issues applied to the remaining cases.  In either situation, plaintiffs' claims would be

8
NOTICE OF REMOVAL BY DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.
223168 v5

tried jointly." *Abbott*, 698 F.3d at 573; *Atwell*, 740 F.3d at 1165; see also 28 U.S.C. § 1332(d)(11)(B)(i) (providing that the mass action standard is satisfied where joint trial is proposed "on the ground that the plaintiffs' claims involve common questions of law or fact"). An exemplar trial is exactly what Plaintiffs seek through this coordination procedure – indeed, Plaintiffs' counsel acknowledged as much in referencing the intent to conduct a bellwether trial at a hearing before the Los Angeles Superior Court judge managing this litigation prior to the instant removal. (Declaration of Paul B. La Scala ("La Scala Decl."), ¶ 2.) Thus, even a joint trial as to certain issues in the form of a bellwether, or exemplar, trial, is sufficient to establish mass action jurisdiction pursuant to 28 U.S.C. § 1332(d)(11).

17. The Ninth Circuit will soon address the question of whether a petition for coordination in California amounts to a request for joint trial sufficient to invoke "mass action" removal jurisdiction. *Romo v. Teva Pharms. USA, Inc.*, 742 F.3d 909, 910 (9th Cir. 2014). Removing Defendant respectfully requests, therefore, that this Court stay any determination on the propriety of its jurisdiction over this matter pending the *en banc* decision of the Ninth Circuit.

**B.     The Amount in Controversy Is Satisfied.**

18. Both the individual $75,000 and aggregate $5,000,000 amount in controversy requirements for mass action removal are readily satisfied. *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i).

19. First, Plaintiffs allege "serious internal damage and injuries, including, without limitation, miscarriage, sterility, long-term scarring, pain, and the need for surgical removal of the devise, and causing other permanent medical problems including a medically necessary hysterectomy." (*See* Ex. A, Compl. ¶ 1.) It is thus apparent from the face of Plaintiffs' Complaint that the amount in controversy exceeds $75,000 for each Plaintiff, just as it is for the claims in the other actions embraced by the petition. Where, as here, Plaintiffs allege serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied.

*See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001). In addition, compensatory and punitive damages in excess of the jurisdictional amount of $75,000 have been awarded in products liability cases in California. *See, e.g.*, *Stewart v. Union Carbide Corp.*, 190 Cal. App. 4th 23, 38, 117 Cal. Rptr. 3d 791, 804 (2010); *Karlsson v. Ford Motor Co.*, 140 Cal. App. 4th 1202, 1223-24, 45 Cal. Rptr. 3d 265, 282-83 (2006); *Jones v. John Crane, Inc.*, 132 Cal. App. 4th 990, 1012, 35 Cal. Rptr. 3d 144, 161 (2005). Other federal courts have thus concluded that the amount in controversy exceeded $75,000 in similar products liability cases. *See, e.g.*, *Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (denying motion to remand); *accord Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663, at *3 (E.D. Pa. Apr. 22, 2009). In addition, because Plaintiffs' demands for punitive damages are also includable in the amount in controversy, *see Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007), it is evident, from the face of the Complaint, that the amount of recovery sought by each Plaintiff exceeds $75,000.[2]

20. Second, because each individual Plaintiff's claim exceeds $75,000, the aggregate amount in controversy for putative coordinated litigation, which embraces the claims of more than 152 individuals, necessarily exceeds $5,000,000, since $75,000 multiplied by 152 is $11,400,000. This is consistent with Plaintiffs' assertion: "With multi-millions of dollars at stake, these cases are surely to be seriously litigated." (Ex. D, p. 7, lines 18-19.)

21. Accordingly, the amount-in-controversy requirement is satisfied.

---

[2] Removing Defendant notes that it is not required to concede that Plaintiffs are, in fact, entitled to recover more than $75,000. *See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far"). Indeed, Removing Defendant specifically denies that Plaintiffs are entitled to recover any damages.

### C. The Diversity Requirement Is Satisfied.

22. The diversity requirements for mass action removal have been satisfied. *See* 28 U.S.C. § 1332(d)(2)(A). While diversity removal normally requires complete diversity between plaintiffs and defendants, for removal of a mass action, only "minimal diversity" is required – i.e., that at least one plaintiff be diverse from one defendant. *See id.* This requirement is readily satisfied here: Plaintiff Jennifer Anderson, a resident and citizen of California (Compl. ¶ 10), is diverse from Removing Defendant, a citizen of Delaware and New Jersey. (*Id.* ¶ 4.)

23. Accordingly, all the jurisdictional requirements of mass action removal are satisfied.

### ALL REMOVAL PROCEDURES ARE SATISFIED

24. Because this case is removable as a mass action together with the other actions embraced by the petition, all of those cases are being removed upon substantially the same grounds.

25. Removing Defendant was served with the petition setting forth the right to remove this mass action on September 24, 2014. (*See* Ex. B, Coordination Petition.) Accordingly, this removal is timely, since Removing Defendant was not required to remove until 30 days from service of the petition, which is October 24, 2014. *See* 28 U.S.C. § 1446(b)(1).

26. All defendants properly joined and served consent to the removal of this action. *See id.* § 1446(b)(2)(A). Regardless, with respect to mass action removal, the consent of other Defendants to remove is not required. *See id.* § 1453(b).

27. Removing Defendant states that no Defendant properly joined and served is a resident of this State. *See id.* § 1441(b)(2). Moreover, with respect to mass action jurisdiction, removal is not barred by the California citizenship of any defendant. *See id.* § 1453(b).

28. Copies of all process and pleadings served upon Removing Defendant in this action are attached hereto *en globo* as Exhibit A. *See id.* § 1446(d). The answer of all Defendants served upon Plaintiffs are attached *en globo* as Exhibit C.

29. Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the California Superior Court. *See id.*

30. Venue is proper in the United States District Court for the Central District of California as it is the Federal District encompassing the county in which the state court action was pending at the time of removal. *See* 28 U.S.C. § 1441(a).

31. Removing Defendant hereby reserves its right to amend this notice of removal.

WHEREFORE, Removing Defendant respectfully removes this action from the Superior Court of the County of Los Angeles, in the State of California, bearing case number BC526077, to this Court.

DATED:  October 23, 2014                Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By: _____*/s/ Tony M. Diab*_____
      Paul B. La Scala
      Tony M. Diab
Attorneys for Defendant Bayer HealthCare Pharmaceuticals Inc.